IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

```
JOSEPH T. WILLIAMS-BEY,      )
                             )
Petitioner,                  )
                             )
vs.                          )      NO. 3:06-CV-733
                             )
LAWSON, South Bend           )
County Jail Warden,          )
                             )
Respondent.                  )
```

## OPINION AND ORDER

This matter is before the Court on the Petition for Writ of Habeas Corpus filed on October 24, 2006, by *pro se* Petitioner, Joseph T. Williams-Bey. For the reasons set forth below, the habeas corpus petition is **DISMISSED** pursuant to Section 2254 Habeas Corpus Rule 4.

DISCUSSION

Williams-Bey, a prisoner confined at the Indiana State Prison, asserts that from August 16, 2006, to September 11, 2006, the Saint Joseph County Jail denied him access to the law library. The Fourteenth Amendment's due process clause provides state prisoners a liberty interest in good-time credits, and they cannot be deprived of good-time credits without due process. *Wolff v. McDonnell*, 418 U.S. 539 (1974). Because the loss of good-time

credits increases the duration of a prisoner's confinement, habeas corpus is the appropriate remedy for a prisoner who has been deprived of good-time credits or demoted in good-time credit earning classification. *Harris v. Duckworth*, 909 F.2d 1057, 1058 (7th Cir. 1990). However, the Fourteenth Amendment's due process clause does not provide prisoners due process protections from sanctions that do not effect the duration of their confinement. *Sandin v. Conner,* 515 U.S. 472, 487 (1995) (distinguishing between a prison disciplinary sanction that will inevitably affect the duration of the inmate's sentence and sanctions that do not affect the duration of his sentence). Prisoners may not use 28 U.S.C. section 2254 to challenge prison disciplinary sanctions that do not effect the duration of their confinement. *Sylvester v. Hanks*, 140 F.3d 713, 714 (7th Cir. 1998). 28 U.S.C. section 2254 is the exclusive civil remedy for prisoners seeking release from custody. *Glaus v. Anderson*, 408 F.3d 382, 385 (7th Cir. 2005).

   Williams-Bey's sole complaint is that he was denied meaningful access to the law library at the Saint Joseph County Jail. Williams-Bey does not challenge the fact of his confinement, but rather the conditions of his confinement. In his request for relief, he requests that the Court order the jail to allow him access to the law library. He does not seek release from custody, nor does he allege that he has been deprived of good-time credits.

As a result, Williams-Bey has failed to allege a sanction that is actionable under section 2254.  Pursuant to Habeas Corpus Rule 4:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

Section 2254 Habeas Corpus Rule 4.  Williams-Bey's petition must be dismissed.


CONCLUSION

For the reasons set forth above, Petitioner's habeas corpus petition is **DISMISSED** pursuant to Section 2254 Habeas Corpus Rule 4.


**DATED:  November 16, 2006**         /s/RUDY LOZANO, Judge
                                      **United States District Court**